## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PHILLIP SCOTT BAILEY, #370-227  *
             *
Plaintiff,          *
             *
v             *   Civil Action No.  JFM-15-4001
             *
TFC LANCE LLOYD, #4039   *
MARYLAND STATE POLICE,   *
BARRACK "E" 276 North Salisbury  *
  Blvd. Salisbury, Maryland 21801,  *
The WICOMICO COUNTY NARCOTICS *
  TASK FORCE,      *
             *
Defendants.        *
          ***

### MEMORANDUM

On December 30, 2015, self-represented plaintiff Phillip Scott Bailey filed this action to enforce an order issued on October 15, 2010, by Judge W. Newton Jackson, of the Wicomico County Circuit Court directing the return of a 1996 Brown Freightliner truck.[1]  Bailey has not paid the $400 filing fee or sought leave to proceed in forma pauperis.

### BACKGROUND

Bailey is presently an inmate at Eastern Correctional Institution in Westover, Maryland. He explains that on July 30, 2010, a member of the Wicomico County Narcotics Task Force executed a search and seize warrant at his residence located at 1515 Arbutus Drive, Salisbury, Maryland 21804, and seized his 1996 Freightliner, a 2006 Ninja Z-14 motorcycle, and $1,812.90 in U.S. currency.  The October 15, 2010 order directed return only of the Freightliner truck.

---

[1]   Bailey seems to refer to *State v. Philip Bailey*, Case 22K10000649. *See* http://casesearch.courts.state.md.us/ casesearch/inquiryDetail.jis?caseId=22K10000649&loc=48&detailLoc=K.

On a date unstated, Bailey filed a Motion for Replevin/Dentinue of the items seized,[2] and the State responded that eight days after the vehicle was seized, which this court shall assume refers to the Freightliner, it was returned to the lien holder. (ECF 1, ¶ 6). Bailey argues he was making payments on the vehicle prior to and after it was seized, and Defendants exceeded their authority to release his property to the lien holder without his consent.

Bailey indicates that on December 3, 2015, his Motion for Replevin/Dentinue was dismissed by Wicomico County Circuit Court Judge Katheleen L. Beckstead. Plaintiff has provided no copies of the state orders that he references.

Bailey states the loss of the property resulted in significant financial hardship to him, including loss of income, loss of ability to conduct business, and damage to his credit rating. Bailey asks for a hearing and for return of his property, his money, or "equal value cash damages." *Id*. at 3.

## DISCUSSION

The court will grant Bailey leave to proceed in forma pauperis for the purpose of preliminary review of the Complaint. As noted, he has neither paid the filing fee nor filed a motion to proceed informa pauperis. Requiring him to cure this omission would merely delay resolution of this case. "Under 28 U.S.C.A. § 1915(e), which governs [in forma pauperis] filings ..., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the

---

[2] The Maryland Judiciary case search website shows that on November 12, 2015, Bailey filed a pro se motion for Replevin/Detinue. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= 22K10000649&loc =48&detailLoc=K.

2

complaint must, articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that fails to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Further, a district court must dismiss a claim if, at any time, it appears it lacks jurisdiction over the subject matter of the claim. Fed.R.Civ.P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 552 (2005); *United States ex rel. Voyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Of import here, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." *In re Kirkland,* 600 F.3d 310, 314 (4th Cir. 2010).   Typically, federal jurisdiction is conferred by subject matter jurisdiction or diversity of the parties' citizenship. *See* 28 U.S.C. §§1331, 1332. Bailey does not assert either ground as a basis to confer jurisdiction.

Further, federal district courts have no authority to hear appeals of the decisions of state courts; only the Supreme Court possesses such authority, *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and no jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings." *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 483 n.16, 486 (1983). These rulings form the basis of the *Rooker-Feldman* doctrine. Where it applies, it bars federal district courts from hearing cases. The *Rooker-Feldman* doctrine applies not only to issues actually presented to and decided by a state court but also to issues that are "inextricably intertwined" with questions ruled on by a state court regardless of whether those issues or claims were raised before the state court. *Id.*

The *Rooker-Feldman* doctrine is jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). In other words, the doctrine forbids claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld,* 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.* 434 F.3d 712, 719 (4th Cir. 2006)).

Here, Bailey is seeking federal enforcement of a 2010 state order to return a vehicle[3] or seeking to appeal in federal court the state court's more recent determination on the motion for replevin. "Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006). Bailey's claims plainly concern issues involving the seizure of the property and are related to his criminal proceeding, and this court is without jurisdiction to consider his appeal of the state decision.

---

[3] It is also likely this claim is barred by the applicable statute of limitation.

## CONCLUSION

For these reasons, the case will be dismissed for lack of jurisdiction pursuant to Fed.R.

Civ.P.12(h)(3).  A separate order follows.

_1/20/16_____
Date

_____
J. Frederick Motz
United States District Judge

BY ———————— DEPUTY

AT BALTIMORE
CLERK'S OFFICE

2016 JAN 20  PH 3: 55

DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

5